Adam Stevens CA SBN 262391
Attorney at Law
10808 1/2 Huston Street
North Hollywood, California 91601
Telephone: (310) 487-4902
adamstevens.law@gmail.com

Attorney for Plaintiff Mark McClenning



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark McClenning, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NCO Financial Systems, Inc., a Pennsylvania Corporation,<br><br>Defendant. | Case No.<br><br>CV12-08040 SJO (AJWx)<br><br>COMPLAINT |

COMES NOW PLAINTIFF MARK McCLENNING, and respectfully submits his complaint as follows:

**JURSIDICTION**

1.      This is an action under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, (hereinafter "FCRA"), which prohibits persons from obtaining consumer credit reports without permissible purpose. Jurisdiction in this case arises under 28 U.S.C. § 1331 pursuant to 15 U.S.C. § 1681p, granting the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

## THE PARTIES

2. Plaintiff Mark McClenning, an adult, is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Upon information and belief, NCO Financial Systems, Inc., (hereinafter "NCO"), is a Pennsylvania corporation doing business within this judicial district that is engaged in the business of collecting debts in the State of California.

4. Upon information and belief, NCO is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

5. In or about the month of February 2008, defendant NCO began a campaign of abuse against plaintiff wherein NCO demonstrated a reckless disregard for plaintiff's rights over the span of four calendar years.

6. On or about February 29, 2008, plaintiff received correspondence (hereinafter "first NCO correspondence"), dated February 25, 2008, from NCO alleging that plaintiff was delinquent in paying a debt (hereinafter "alleged debt") to a creditor who, upon information and belief, assigned the alleged debt to NCO for collection from plaintiff.

7. In response to the first NCO correspondence, plaintiff forwarded written correspondence (hereinafter "first request") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") on or about February 29, 2008, dated February 29, 2008, to NCO to dispute the alleged debt in its entirety, to advise NCO to cease any and all contact with plaintiff, and to request validation of the alleged debt.

8. NCO did not respond to plaintiff's first request and never mailing verification of the alleged debt to plaintiff as required by law.

9. Despite the fact that NCO never provided verification of the alleged debt to plaintiff, plaintiff received a telephone voicemail communication from

NCO on March 11, 2008.  At approximately 8:35 am, an NCO employee called plaintiff's telephone from number (410) 986-0085.  The caller stated that he was calling from NCO.  The call also stated that the call was an attempt to collect a debt.  The caller requested that plaintiff return the call to number (800) 688-4490.

10. Despite the fact that NCO never provided verification of the alleged debt to plaintiff, plaintiff received a collections letter on or about March 15, 2008 from the law firm of Seals & Tenenbaum (hereinafter "S&T") alleging that plaintiff owed the alleged debt.  Upon information and belief, NCO retained the services of the attorneys of S&T to attempt to collect the alleged debt from plaintiff.

11. On or about March 15, 2008, plaintiff advised S&T in written correspondence that he disputed the alleged debt; that S&T was instructed to have no further contact with plaintiff; and that plaintiff requested validation of the alleged debt.

12. On or about March 24, 2008 plaintiff received written correspondence from S&T, dated March 20, 2008.  S&T's March 20, 2008 correspondence stated, in pertinent part, that, "NCO has sent the claim to us with authorization to commence suit against you.  When we receive the full documentation concerning your . . . indebtedness, we will verify the debt."

13. On or about March 25, 2008, plaintiff received a telephonic voicemail from an S&T debt collector, who, upon information and belief, was a non-attorney, requesting plaintiff to call S&T despite the fact S&T had not, and to date has never, provided validation of the alleged debt to plaintiff.

14. In light of S&T's willful failures to comply with the FDPCA acting as NCO's attorneys, plaintiff retained his own attorney to deal with S&T's abuses that continued for months thereafter.  These abuses included multiple threats of a lawsuit to be commenced against plaintiff by S&T.  Yet, to date, S&T has never

Case 2:12-cv-08040-CAS-RZ   Document 1   Filed 09/18/12   Page 4 of 15   Page ID #:6

commenced suit against plaintiff despite S&T's multiple written and verbal threats that S&T would do so.

15. Upon information and belief, NCO thereafter retained the law office of Erica Brachfeld (hereinafter "EB") on or about October 8, 2008 to collect the alleged debt and to commence suit against plaintiff despite NCO having never validated the alleged debt. Upon information and belief, EB conducted a hard inquiry on at least one of plaintiff's credit reports in October of 2008 despite the facts that NCO had never provide validation of the alleged debt to plaintiff and that EB was acting as NCO's attorney.

16. On January 14, 2009, at approximately 11:58 a.m., plaintiff received a telephone voicemail message from number 866-835-1915 wherein a woman identifying herself as Kristen Suddles calling with the law firm of Brachfeld and Associates requested that plaintiff return her call to phone number 866-835-1915, ext. 6012.

17. Plaintiff returned the voicemail message later in the day on January 14, 2009 by calling 866-835-1915, ext. 6012. Upon being connected with Kristen Suddles, plaintiff explained that he was returning the caller's previous message. After identifying himself, plaintiff was advised by a woman identifying herself as Kristen Suddles that her office, the law firm of Brachfeld and Associates, was attempting to collect the alleged debt from plaintiff. Plaintiff then asked that Ms. Suddles to provide him with her California State Bar number as Mr. Suddles claimed to be calling with a law firm. Ms. Suddles replied that she was not attorney. Plaintiff then terminated the call.

18. After terminating the call with Ms. Suddles, plaintiff forwarded written correspondence, dated January 14, 2009, to EB by both United States First Class Mail and United States Express mail to dispute the alleged debt in its entirety, to advise EB to cease any and all contact with plaintiff, and to request validation of the alleged debt.

COMPLAINT - Page 4

19. Upon information and belief, EB received and signed for plaintiff's January 14, 2009 correspondence on January 16, 2009. EB did not, and to date, has not, validated the alleged debt.

20. On Sunday January 25, 2009, at approximately 6:49 p.m., plaintiff received an automated collections call from a caller, calling from 866-834-3556, identifying herself as Stephanie of Brachfeld and associates. The caller requested that plaintiff return her call to (866) 834-3556 regarding an alleged debt.

21. On February 13, 2009, at approximately 8:36 a.m., plaintiff received a telephone call from 888-856-2120. When plaintiff answered the call, the female caller identified herself as calling with the law firm of Brachfeld and associates. Plaintiff then terminated the call.

22. Despite NCO and EB's ongoing failure to provide verification of the alleged debt, plaintiff discovered, on or about March 2, 2009, that EB, NCO's attorney, had filed suit against plaintiff on January 29, 2009 in Los Angeles Superior Court, Case no. 09k01533, (hereinafter "underlying case"), based on the alleged debt.

23. On March 3, 2009, plaintiff filed his answer to the complaint in the underlying case in a *pro se* capacity. Plaintiff's answer consisted of a general denial and affirmative defenses.

24. On March 17, 2009, at approximately 8:47 p.m., plaintiff received a telephone call from (888) 856-2120. Plaintiff let the call go to voicemail, and no message was left. Upon information and belief, the number (888) 856-2120 is a telephone line EB, NCO's agent and attorney, uses for its collection calls.

25. On March 18, 2009, at approximately 11:31 a.m., plaintiff received a voicemail message from a caller at telephone number (713) 579-7000. The caller identified himself as Mark Williams calling with the attorneys' office of Brachfeld and Associates. The caller stated that he was calling about a "time sensitive" matter. The caller stated that plaintiff should return his call to (866) 834-3556, ext.

6086, and that plaintiff should reference number "NCO 66572" when returning the call. The caller concluded the call by emphatically stating that plaintiff had 48 hours to return his call. Upon information and belief, Mark Williams was not at all relevant times a licensed California attorney, but is and/or was a non-attorney debt collector employed by EB at all relevant times herein, who was acting as NCO's attorney and agent at the time with regard to collection of the alleged debt from plaintiff.

26. On March 24, 2009, at approximately 3:33 p.m., plaintiff received a voicemail message from a caller at (866) 917-1327. The caller identified himself as Marty Brachfeld (hereinafter "MB"). MB stated that he was calling with Brachfeld and Associates in connection with the underlying case. MB further stated that his call was in regard to plaintiff's answer in the underlying case. MB stated that plaintiff should call him to work something out with regard to the answer even though MB, as set forth more fully below, MB was not, at all relevant times herein, a licensed California attorney, and such was, could not act as the attorney of record for plaintiff in the underlying case. MB further stated that, in his humble opinion, plaintiff's general denial gives rise to a motion for judgment on the pleadings as it amounts to a negative pregnant pleading, again despite that fact that MB was not a licensed attorney. MB asked plaintiff to return his call to (310) 273-7861, ext. 2321. Upon information and belief, MB is not, and was not at all relevant times herein, a licensed California attorney, but rather a non-attorney debt collector, who had previously been suspended from the practice of law, pretending to be a licensed and bona fide California attorney working with the law firm of Brachfeld and Associates, NCO's attorney and agents in the underlying case.

27. In response to MB's call, plaintiff forwarded correspondence by first class U.S. mail, dated March 25, 2009, to EB. The correspondence confirmed the March 24, 2009 call plaintiff received from MB. The correspondence set forth plaintiff's position that his general denial and affirmative defenses were sufficient,

and that if EB disagreed, she should file her potentially dispositive motion for judgment on the pleadings and stop wasting plaintiff's and the Court's time. Plaintiff's correspondence also instructed EB to put any legitimate concerns she had about the underlying case in writing, and he would respond, in turn, in writing. Plaintiff's correspondence also pointed out that MB was in violation of California Rule of Professional Conduct1-300 for the unauthorized practice of law, and that EB was in violation of California Rule of Professional Conduct1-311 for employing an individual engaging in the unauthorized practice of law.  At no time during the pendency of the underlying case did EB attempt to contact plaintiff herself.  Upon information and belief, each and every communication from EB's office to plaintiff herein alleged was from a non-attorney debt collector attempting to unlawfully collect a debt from plaintiff as agents and attorneys for NCO.

28.   On March 27, 2009, at approximately 9:30 a.m., plaintiff received a voicemail message from (713) 579-7000, wherein the female caller identified herself as Ms. Cooper calling with attorney Brachfeld's office.  Ms. Cooper then instructed plaintiff that he needed to return her call to (866) 834-3556, ext 6064 as soon as plaintiff received the call.

29.   On or about April 13, 2009, plaintiff discovered that EB had filed a request for dismissal the complaint in the underlying case, in its entirety, without prejudice, on April 6, 2009.  This, despite the earlier threat of a motion for judgment on the pleadings by MB, the suspended attorney pretending to practice law as the debt collector agent for NCO.  The Court entered the dismissal without prejudice the same day.  EB did not obtain any release from plaintiff before filing the dismissal, nor did EB notify plaintiff of her intent to dismiss prior to the filing of the dismissal request.  EB did not serve the request for dismissal to plaintiff prior to filing, nor did she serve plaintiff with a copy of the entry of dismissal despite California Rule of Court 3.1390, which requires service of the entry of dismissal on all parties by the party requesting the dismissal.  At no time during the

pendency of the underlying case did EB serve plaintiff with a response to his demand for bill of particulars even though the bill of particulars was required by law to be served to plaintiff on March 31, 2009.

30. In March of 2009 plaintiff filed suit against NCO (and others) (hereinafter, "first NCO suit") for NCO's blatant violations and abuses of the FDCPA as set forth above. The case was entitled, "Mark McClenning v. NCO Financial Systems, Inc. *et al.,*" with case no. CV09-01674 CAS(FMOx).

31. On July 20, 2009 NCO filed an answer to plaintiff's First Amended Complaint in the first NCO suit (hereinafter "NCO's answer). In NCO's answer, NCO set forth facts that NCO forwarded the alleged debt to EB for collection on or about March 11, 2008 despite the fact that, upon information and belief, NCO actually forwarded the alleged debt to Seals & Tenenbaum prior thereto as alleged above. Further, Irene Velasco, a supervisor employed by EB, stated under penalty of perjury in a declaration, filed in the first NCO suit on August 24, 2009, that EB was retained as NCO's attorney on October 8, 2008 by NCO to collect the debt that NCO alleged plaintiff owed.

32. During discussions between plaintiff's counsel and NCO's counsel on or about September 16, 2009 during the pendency of the first NCO suit, NCO, by and through its legal counsel, Debbie Kirkpatrick, CA State Bar #207112, of the firm of Sessions Fishman Nathan & Israel LLP, again took the position that the alleged debt was placed with EB on March 11, 2008, and that NCO did not undertake any collection efforts against plaintiff after that date. NCO's counsel advocated this position despite the facts, as alleged above, that S&T engaged in harassing conduct, in violation of the FDCPA against plaintiff as NCO's agents and attorneys from approximately March 2008 until approximately October 2008.

33. On or about September 20, 2009 plaintiff's then counsel advised counsel for NCO, Debbie Kirkpatrick, CA State Bar #207112, in the first NCO suit, in writing, that the some of the allegations in NCO's answer to plaintiff's First

Amended Complaint ran afoul of FRCP 11 in that NCO had no evidentiary support for its position that collection efforts on NCO's behalf and against plaintiff concluded on March 11, 2008. To this end plaintiff's then counsel pointed to the actions of S&T as NCO's attorneys and agents from March 2008 until approximately October of 2008 on NCO's behalf against plaintiff, as set forth above. Plaintiff's then counsel further pointed to the declaration of Irene Velasco stating under penalty of perjury that NCO retained EB as its attorneys on October 8, 2008. Despite the glaring contradictions in the actual facts and the patently false version set forth by NCO's answer to the first amended complaint in the first NCO suit, NCO's attorneys of record did not bother to take any affirmative action to amend NCO's answer in order to avoid running afoul of mandatory requirements of FRCP 11.

34. On September 23, 2009 in the first NCO suit, NCO confessed to judgment by serving plaintiff with an FRCP 68 Offer of Judgment representing plaintiff's maximum statutory damages plus attorney fees and costs in an amount to be agreed to by counsel for the parties, and in the absence of agreement, by separate application to the Court.

35. Upon taking judgment against NCO in the first NCO suit, plaintiff believed that NCO would cease its lawless conduct against plaintiff. However, plaintiff could not have been more wrong as NCO continued its abuses against plaintiff thereafter.

36. On or about April 2, 2010, plaintiff received correspondence from NCO, dated March 29, 2010, attempting to collect the alleged debt despite not having validated the alleged debt pursuant to plaintiff's timely previous written notice of dispute and request for validation of the alleged debt. Moreover, the March 29, 2010 correspondence from NCO to plaintiff again sought "fees" in the amount of $3,568.92, separately and in addition to principal and interest, despite the fact that in not validating the alleged debt previously in conformance with

plaintiff's timely prior written request, NCO had failed to provide any basis whatsoever for its allegation that plaintiff owed "fees" in the amount of $3,568.92 to NCO.

37. In April of 2010, plaintiff filed suit against NCO for its continuing abuses against plaintiff (hereinafter "second NCO lawsuit"). The second lawsuit was entitled, "Mark McClenning v. NCO Financial Systems, Inc. et al.," with case no. CV10-3631 CAS(RZx).

38. During the pendency of the second NCO lawsuit, NCO took the position in that it never received plaintiff's first request, as NCO did in the first NCO suit. However, during the discovery phase of the second NCO lawsuit, NCO produced business records under penalty perjury in response to plaintiff's interrogatories wherein it was confirmed that NCO was indeed aware of plaintiff's first request.

39. Despite being aware of plaintiff's first request and being under duty to not engage in further collection activity until providing the requested verification to plaintiff, NCO subsequently hired three separate collection law firms to attempt to collect the alleged debt when NCO had never provided verification of the same.

40. The third collections law firm, Collins & Lamore (hereinafter "C&L"), contacted plaintiff in writing by and through a letter dated June 26, 2009 and signed by Michael Collins, CA State Bar #197829. In said correspondence, C&L represented that it been retained by the original creditor despite the fact that plaintiff later learned through discovery in the second NCO lawsuit that C&L was retained NCO, not the original creditor.

41. The second NCO lawsuit was resolved by a settlement conference in front of the presiding District Court Judge, Hon. Christina A. Snyder, on January 5, 2011. The terms of the settlement were that NCO was to pay plaintiff the sum of $2,000 with the issue of attorney fees to be resolved via motion to the Court and the parties entered *mutual* general releases, whereby NCO released plaintiff from

the alleged debt (hereinafter "released alleged debt") and plaintiff released NCO from the claims made against NCO in the second NCO lawsuit.

42. Despite NCO releasing plaintiff from the alleged obligations stemming from the released alleged debt, NCO obtained one of plaintiff's credit reports under the guise of an "account review inquiry" just weeks after the aforementioned settlement on or about March 8, 2011. NCO had no permissible purpose to obtain plaintiff's credit reports as NCO had previously released plaintiff from the released alleged debt pursuant to the terms of the aforementioned settlement, and accordingly, NCO had no right whatsoever to invade plaintiff's private financial affairs in the form of an account review inquiry of plaintiff's credit report relating to the released alleged debt.

43. As a result of the acts alleged above, plaintiff suffered anxiety, embarrassment, humiliation, anger and frustration. Given NCO's complete lack of respect for the Court's authority by purportedly agreeing to a settlement and not honoring the same and NCO's complete reckless disregard of plaintiff's rights, plaintiff continues to live in apprehension that NCO will once again renew its intentional campaign of abuse and harassment against plaintiff in stark defiance of plaintiff's rights.

44. The acts complained of above are part of a pattern and practice of abuse and harassment by defendant NCO.

## FIRST CLAIM FOR RELIEF
(For FCRA Violations)

45. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-44 above.

46. Defendant NCO violated the FCRA, 15 U.S.C. § 1681n , by intentionally and willfully obtaining plaintiff's credit report on or about March 8, 2011 without permissible purpose to do so.

47. The acts committed by defendant, as described above, were done willfully, intentionally and in reckless disregard of plaintiff's rights and in stark defiance of the Court's authority given the aforementioned settlement. NCO's actions, described above, justify the imposition of punitive damages pursuant to 15 U.S.C. § 1681n of the FCRA against defendant NCO because NCO's acts, as described above, amount to willful noncompliance under the FCRA.

48. In the alternative, NCO violated the FCRA. 15 U.S.C. § 1681o, by negligently obtaining plaintiff's credit report on or about March 8, 2011 without permissible purpose to do so.

49. As a result of the above violations of the FCRA, defendant NCO is liable to plaintiff for: plaintiff's actual damages and/or statutory damages; plaintiff's costs and attorney's fees; and punitive damages against NCO in such amount as the Court may allow.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that judgment be entered in plaintiff's favor and against defendant for the following:

A. Actual damages;
B. Statutory damages pursuant to 15 U.S.C. § 1681n;
C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or 15 U.S.C. § 1681o;
D. Punitive damages pursuant to 15 U.S.C. § 1681n in such amount as the Court may allow; and
E. For such other and further relief as may be just and proper.

DATED: August 30, 2012

_____
Adam Stevens
Attorney for Plaintiff
Mark McClenning

Adam Stevens, Attorney at Law, CA SBN 262391
10808 1/2 Huston Street
North Hollywood, California 91601
Telephone: (310) 487-4902
adamstevens.law@gmail.com
Attorney for Plaintiff Mark McClenning

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark McClenning, an individual, <br><br> PLAINTIFF(S) <br><br> v. <br><br> NCO Financial Systems, Inc., a Pennsylvania Corporation, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV12-08040 STO(AJWx) <br><br> **SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Adam Stevens, Esq._____, whose address is _10808 1/2 Huston Street, North Hollywood, California 91601_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SEP 18 2012

Dated: _____

Clerk, U.S. District Court

By: __JULIE PRADO_____
       Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Mark McClenning, an individual,

**DEFENDANTS**
NCO Financial Systems, Inc., a Pennsylvania Corporation,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Adam Stevens, Attorney at Law, CA SBN 262391
10808 1/2 Huston Street
North Hollywood, California 91601 / Telephone: (310) 487-4902

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692a et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV12-08040

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)           CIVIL COVER SHEET           Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV10-3631 CAS (RZx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☑ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
|  | North Dakota |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
|  | Pennsylvania |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_   Date August 30, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |